UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-23825-UU

GORDON BELLO,

    Plaintiff,
v.

JERRY FALWELL,

    Defendant.
                                              /

## ORDER TO SHOW CAUSE

THIS CAUSE comes before the Court upon a *sua sponte* examination of the record.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

On September 13, 2019, Defendant removed this action to the United States District Court on the ground that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. D.E. 1. Upon a close examination, the Court is not satisfied that she may exercise subject-matter jurisdiction over this action. *See Kivisto v. Kulmala*, 497 F. App'x 905, 906 (11th Cir. 2012) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Based upon well-established precedent, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted).

In the complaint, Plaintiff alleges that damages in this action exceed $15,000. D.E. 1-4 at 2 ¶ 10. Plaintiff does not request a specific amount of damages or provide any support for this jurisdictional allegation. In the notice of removal, Defendant explains that the case satisfies the

requirements of 28 U.S.C. §§ 1446 and 1332 because the notice of removal was filed within 30 days after the dismissal of all removal-spoiling defendants, *see* D.E. 1 ¶¶ 10–14 and because it is "facially apparent" that Plaintiff seeks damages in excess of $75,000, *id.* ¶¶ 7–8. Plaintiff's one-count breach of contract complaint stems from Defendant's alleged promise, "in exchange for [Plaintiff's] assistance in arranging for a suitable business venture in Florida[,] that [Plaintiff] and [non-party] Granda would receive equal equity interests and benefits, including positions and salaries as co-managers, of the business." D.E. 1-4 at 3 ¶ 12; *see also id.* at 8 ¶ 30. Plaintiff alleges that Defendant invested at least $1.8 million dollars into the project, *see id.* at 4 ¶ 16(e)–(f), but does not allege any facts to show the value of the equity interests, profit share, salary and/or benefits Plaintiff allegedly should have received, *see id.* at 12 ¶ 60. As a result, the Court rejects Defendant's claim that it is "facially apparent" that the amount in controversy requirement is satisfied.

In the alternative, Defendant submits that he "can represent to this Court that [he] knows [Plaintiff's] claim exceeds $75,000 based on discussions with [Plaintiff's] counsel, and it can be gleaned from confidential correspondence between [Plaintiff's] and [Defendant's] counsel." D.E. 1 ¶ 10. However, the Court is not satisfied that Defendant's notice of removal sufficiently demonstrates that the jurisdictional minimum has been met. Where jurisdiction is based on a claim for indeterminate damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant SHALL show good cause in writing by **Wednesday, September 25, 2019**, as to why this case should not be remanded for lack of subject-matter jurisdiction.

DONE AND ORDERED in Chambers at Miami, Florida, this _13th_ day of September, 2019.

*[signature]*
_____
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf