UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1-19-CV-23825-UU

GORDON BELLO,

    Plaintiff,

vs.

JERRY FALWELL, JR.,

    Defendant.

_____/

## JOINT MOTION TO STAY PROCEEDING PENDING CONSUMMATION OF SETTLEMENT UPON COURT'S RULING ON PLAINTIFF'S MOTION TO DENY ATTORNEY CHARGING LIEN, ALTERNATIVELY, TO BE EXCUSED FROM PENDING COMPLIANCES OR FOR EXTENSION OF TIME

Plaintiff, Gordon Bello, joined by Defendant, Jerry Falwell, Jr., jointly move to stay this proceeding pending this Court's ruling on the Plaintiff's Motion To Deny Attorney Charging Lien filed Oct. 4, 2019, or in the alternative that the parties be excused from pending requirements for compliances, or for an additional extension of time sufficient for the Court to rule on the Plaintiff's pending motion to deny attorney charging lien, and as grounds therefore states:

1. The parties have reached agreement on terms of settlement.

2. See Stipulation of Settlement being separately filed Oct. 4, 2019.

3. The parties cannot consummate their settlement until the Court rules on the Plaintiff's Motion To Deny Attorney Charging Lien filed Oct. 4, 2019.

4. On Sept. 27, 2019, this Court entered its Order [D.E. 10] denying a prior motion to stay, but granting an extension of time until Oct. 17, 2019 for Plaintiff to respond to the pending motion to dismiss.

5. On Sept. 23, 2019, this Court entered its Order Setting Initial Planning And Scheduling Conference [D.E. 6], which requires both parties to comply with requirements therein.

6. The parties seek to stay this proceeding, alternatively, request that the Court excuse the parties from pending compliances (set out below) or for an additional extension of time for compliances based on the following:

   a) The parties have reached agreement on terms of settlement.  See Stipulation of Settlement filed Oct. 4.

   b) Since the parties only await the Court's ruling on the claim of charging lien to consummate their settlement, it would constitute a waste of judicial labor and time as well as impact the resources of the parties to proceed with litigation.

   c) Specifically, Plaintiff seeks to be excused from, or for a stay, or for additional extension of time for compliances with Order [D.E.10], and the parties further seek to be excused from, or for a stay, or additional time to comply with the Order Setting Initial Planning And Scheduling Conference.  [D.E. 6].

This request for a stay, alternatively for additional enlargement of time, is not for any improper purpose and is not intended to improperly delay this proceeding.

MEMORANDUM OF LAW

It is well settled that this Court has the authority to stay proceedings to manage its docket based on circumstances of a particular case.  See, e.g., *Clinton v. Jones*, U.S. 681, 706 (1997); *Landis v. North Am. Water Works & Elec Co.*, 299 U.S. 248, 254 (1936).  A stay properly conserves the parties' and the Court's resources, particularly when the issue before the court is to

facilitate a settlement that would dispose of the entire action. *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), aff'd 87 F. App'x 713 (11th Cir. 2003).

CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. Local Rule 7.1, the parties certify their agreement on this motion and the relief sought.

Undersigned counsel for Plaintiff has made reasonable efforts to confer with non-party, Donald R. Jones, Esq., whose only interest is his claim of attorney charging lien, but has been unable to confer with him as of this filing. The reasonable efforts made were emails on Oct. 1 and 2, to which Mr. Jones's office responded that Mr. Jones would contact Plaintiff's counsel when Mr. Jones was able to do so.

WHEREFORE, Plaintiff and Defendant respectfully request that this Court stay this proceeding, or if stay is not granted, then to excuse the parties from compliance with Orders [D.E.6] and [D.E. 10], or for an additional enlargement of time sufficient for the Court to rule on the Plaintiff's Motion To Deny Attorney Charging Lien filed Oct. 4, 2019 and allow the parties to consummate their settlement.

Respectfully submitted,

By:__/s/ Michael L. Addicott_____
Michael L. Addicott / FBN 456446
mlaesq@addicottlaw.com
ADDICOTT & ADDICOTT, P.A.
900 N. Federal Highway, Suite 201
Hallandale Beach, FL 33009
Phone (954) 454-2605
Attorney for Mr. Bello /Plaintiff

By: /s/ Joshua B. Spector
Joshua B. Spector (FBN 584142)
joshua@spectorlegal.com
LAW OFFICES OF JOSHUA SPECTOR, P.A.
283 Catalonia Ave., Second Floor
Coral Gables, FL 33134
Phone (786) 786-7272
Attorney for Mr. Falwell/ Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Oct. 4, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which serves a copy on all counsel of record and served Donald R. Jones, Esq. and Law Offices of Donald R. Jones, by fax 1-305-728-0537; by US Mail to: Donald R. Jones, Esq. and Law Offices of Donald R. Jones, 4090 Laguna St., 2nd Floor, Coral Gables, FL 33146 and by email to djones@drjpa.com

By: /s/ Michael L. Addicott

Michael L. Addicott / FBN 456446
mlaesq@addicottlaw.com
ADDICOTT & ADDICOTT, P.A.
900 N. Federal Highway, Suite 201
Hallandale Beach, FL 33009
Phone  (954) 454-2605
Attorney for Mr. Bello /Plaintiff