UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-23825-UU

GORDON BELLO,

    Plaintiff,
v.

JERRY FALWELL,

    Defendant.
_____/

## ORDER TO SHOW CAUSE

THIS CAUSE comes before the Court upon Plaintiff's Verified Motion to Deny Attorney Charging Lien (D.E. 11) (the "Motion"). The Court has considered the pertinent portions of the record and is otherwise fully advised in the premises.

On September 13, 2019, Defendant removed this one-count breach of contract action to this Court from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. D.E. 1. On October 4, 2019, the parties filed a Joint Stipulation of Settlement, D.E. 14, which states that the parties have agreed upon a monetary sum to settle the case, and Plaintiff has already signed a general release of claims against Defendant, but that the parties will not consummate their settlement until the Court rules on Plaintiff's pending Motion.

In the instant Motion, Plaintiff explains that before filing this suit, he retained attorney Donald R. Jones, Esq. and the Law Offices of Donald R. Jones, P.A. (collectively, "DRJ"), for "pre-suit / extra-judicial mediation / negotiation with Defendant's attorney(s)." D.E. 11 ¶ 1. However, the pre-suit discussions were fruitless, and DRJ was discharged from further representation. *Id.* ¶ 2. Thereafter, Plaintiff's current counsel initiated this action in state court. *Id.* ¶ 3. However, DRJ filed a Notice of Attorney Charging Lien in the state court case, "seek[ing] to

impose its Lien upon all payments made by Defendant[] to Plaintiff[] obtained through the efforts of DRJ up to the amounts of DRJ's unpaid invoices, together with such further fees and costs as may be incurred hereafter in such collection efforts." D.E. 11-1.  Plaintiff argues that DRJ "did not obtain any recovery for the Plaintiff and did not produce or provide any service that resulted in the settlement recently reached by the parties." D.E. 11 ¶ 7. As a result, Plaintiff asks this Court to "deny" DRJ's charging lien. *See generally* D.E. 11. Plaintiff certifies that he has served DRJ with a copy of the Motion and attempted to confer with DRJ prior to filing the Motion. *Id.* at 4–5. To date, DRJ has not appeared in the case before this Court.

The Court doubts its jurisdiction to adjudicate the Motion. *See, e.g.*, *Am. Fed'n of State, Cty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 949 F. Supp. 2d 1239, 1242–47 (S.D. Fla. 2013) (holding that district court lacks subject matter jurisdiction under 28 U.S.C. § 1367 to adjudicate attorney's charging lien).  Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff SHALL show good cause in writing by **Wednesday, <u>October 23, 2019</u>**, as to why the Motion should not be denied for lack of jurisdiction. **<u>Failure to timely respond to this Order will result in dismissal of this action without further notice.</u>** It is further

ORDERED AND ADJUDGED that Plaintiff SHALL serve a copy of this Order on non-party DRJ in the manner set forth in the Motion's certificate of service, *see* Mot. at 5.  Plaintiff SHALL file proof of service **<u>on or before October 11, 2019</u>**.

DONE AND ORDERED in Chambers at Miami, Florida, this _8th_ day of October, 2019.

_____
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf