UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-23825-UU

GORDON BELLO,

    Plaintiff,
v.

JERRY FALWELL, JR.,

    Defendants.
_____/

## ORDER STAYING CASE

THIS CAUSE is before the Court upon the parties' Joint Motion to Stay Proceeding Pending Consummation of Settlement Upon Court's Ruling on Plaintiff's Motion to Deny Attorney Charging Lien, Alternatively, to Be Excused from Pending Compliances or for Extension of Time (the "Motion"). D.E. 12. The Court has considered the pertinent portions of the record and is otherwise fully advised in the premises.

On September 13, 2019, Defendant removed this one-count breach of contract action to this Court from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. D.E. 1. On October 4, 2019, the parties filed a Joint Stipulation of Settlement, D.E. 14, which states that the parties have agreed upon a monetary sum to settle the case, and Plaintiff has already signed a general release of claims against Defendant, but that the parties will not consummate their settlement until the Court rules on Plaintiff's pending Motion to Deny Charging Lien (D.E. 11) (the "Charging Lien Motion").

In the Charging Lien Motion, Plaintiff explains that before filing this suit, he retained attorney Donald R. Jones, Esq. and the Law Offices of Donald R. Jones, P.A. (collectively, "DRJ"), for "pre-suit / extra-judicial mediation / negotiation with Defendant's attorney(s)." D.E. 11 ¶ 1.

However, the pre-suit discussions were fruitless, and DRJ was discharged from further representation. *Id.* ¶ 2. Thereafter, Plaintiff's current counsel initiated this action in state court. *Id.* ¶ 3. However, DRJ filed a Notice of Attorney Charging Lien in the state court case, "seek[ing] to impose its Lien upon all payments made by Defendant[] to Plaintiff[] obtained through the efforts of DRJ up to the amounts of DRJ's unpaid invoices, together with such further fees and costs as may be incurred hereafter in such collection efforts." D.E. 11-1.  Plaintiff argues that DRJ "did not obtain any recovery for the Plaintiff and did not produce or provide any service that resulted in the settlement recently reached by the parties." D.E. 11 ¶ 7. As a result, Plaintiff asks this Court to "deny" DRJ's charging lien. *See generally* D.E. 11. Plaintiff certifies that he has served DRJ with a copy of the Charging Lien Motion and attempted to confer with DRJ prior to filing the Charging Lien Motion. *Id.* at 4–5. To date, DRJ has not appeared in the case before this Court.

In the instant Motion, the parties seek a stay of this action pending resolution of the Charging Lien Motion. For one thing, the Court doubts its jurisdiction to adjudicate the Charging Lien Motion. *See, e.g.*, *Am. Fed'n of State, Cty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 949 F. Supp. 2d 1239, 1242–47 (S.D. Fla. 2013) (holding that district court lacks subject matter jurisdiction under 28 U.S.C. § 1367 to adjudicate attorney's charging lien). Nevertheless, it is well-established that a district court has the authority to stay proceedings on its own motion. *See, e.g., Landis v. North Am. Water Works and Elec. Co*., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself . . . ."); *Ortega Trujillo v. Conover & Co. Commc'ns, Inc*., 221 F.3d 1262, 1264 (11th Cir.2000) (evaluating district court's *sua sponte* stay of case pending resolution of a related foreign matter for abuse of discretion). "Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent

possibly inconsistent resolutions." *Lopez v. Miami-Dade Cty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) (quotations omitted). Given the parties' stipulation of settlement, the consummation of which purportedly hangs on the Charging Lien Motion, the Court finds that a brief stay is warranted. Accordingly, it is

ORDERED AND ADJUDGED that the Motion, D.E. 13, is GRANTED. The case is HEREBY STAYED pending the Court's ruling on the Charging Lien Motion. It is further

ORDERED AND ADJUDGED that the Clerk of Court SHALL administratively close this case. All future hearings are CANCELLED and all pending motions, except for the Charging Lien Motion (D.E. 11), are DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th__ day of October, 2019.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record