UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1-19-CV-23825-UU

GORDON BELLO,
    Plaintiff,
vs.
JERRY FALWELL, JR.,
    Defendant.
_____/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, Gordon Bello, responds to the Order To Show Cause filed 10/09/2019 [D.E. 15], and requests the Court to remand the "DRJ" notice of attorney charging lien for adjudication in state court and to reserve federal court jurisdiction over the parties until the settlement stipulation between Plaintiff and Defendant has been consummated.  See Joint Stipulation of Settlement and Request For Reservation of Jurisdiction [D.E. 14].   "DRJ" as used herein collectively refers to Donald R. Jones, Esq., Law Offices of Donald R. Jones, P.A. and Donald R. Jones, P.A.  The DRJ notice of attorney charging lien was filed as an attachment to Plaintiff's Verified Motion To Deny Attorney Charging Lien. [D.E. 11].

## MEMORANDUM OF LAW

Although a stipulation of settlement between the parties [D.E. 14] was reached after removal to federal court, the Defendant has not paid the settlement funds; the Plaintiff has not delivered a release and the Plaintiff has not dismissed the action.  DRJ's notice of attorney charging lien is preventing the parties from consummating their settlement because disbursement of settlement funds over which a lien has been asserted, but not yet adjudicated, could subject the parties to liability to a valid lienor.  *Geico General Insurance Company v. Steinger, Iscoe & Greene-II, P.A.*, 275 So.3d 775 (Fla. 3DCA 2019)

In proper circumstances, ancillary jurisdiction can fulfill a practical need "to protect legal rights or resolve an entire, logically entwined lawsuit." *Owen Equip. & Erection Co., v. Kroger*, 437 U.S. 365, 377 (1978).  "Determining the legal fees a party to a lawsuit properly before the court owes its attorney, *with respect to the work done in the suit being litigated*, easily fits the concept of ancillary jurisdiction." *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982); cited with approval in *Am. Fed'n of State, Cty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 949 F. Supp. 2d 1239, 1244 (S.D. Fla. 2013).

Conversely, ancillary jurisdiction should not be exercised where the lienor, DRJ, was never an attorney of record in this litigation and DRJ's claim of lien does not arise from any work done by DRJ in the lawsuit.  Although DRJ filed a notice of attorney charging lien in the state court litigation before the notice of removal to federal court, DRJ was never counsel of record for the Plaintiff in the litigation and never filed any document other than DRJ's notice of attorney charging lien.

In considering the scope of ancillary jurisdiction to adjudicate a fee dispute, *Jenkins,* 670 F.2d 915 at 918, cites to *Morrow v. District of Columbia*, 417 F.2d 728, 740 (D.C. Cir. 1969) listing four factors as follows:

> "(1) an ancillary matter should arise from the transaction that was the basis of the principal proceeding, during the course of the principal proceeding, or as an integral part of the main proceeding; (2) the federal court should be able to determine the matter without a substantial new factfinding proceeding; (3) failing to determine the matter should not deprive a party of an important procedural or substantive right; or (4) the matter should be

decided in order to protect the integrity of the principal proceeding or insure that its disposition is not frustrated."

What strongly militates against application of the *Jenkins* four factors to further consider whether to exercise ancillary jurisdiction is the fact that DRJ never appeared as counsel of record in the litigation. DRJ was discharged from any representation of the Plaintiff in 2014, well before this lawsuit was filed in Aug. 2017. [D.E. 11, #2-#3]

Nevertheless, in applying the *Jenkins* four factors to the DRJ charging lien coupled with the distinguishing fact that DRJ was not attorney of record at any time in the underlying litigation, it can be determined that a remand to the state court is warranted as follows:

(1) The DRJ notice of charging lien is not an integral part of Plaintiff's lawsuit against the Defendant. As quoted from *Am. Fed'n of State, Cty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 949 F. Supp. 2d 1239, 1244 (S.D. Fla. 2013): "Stabinski did not file any appearance in the matter, which is a more telling fact that runs counter to Stabinski's position."

(2) There may be substantial new fact finding required in federal court to adjudicate DRJ's notice of attorney charging lien, and accordingly a remand to the state court is an appropriate remedy with a reservation of jurisdiction over the parties in the federal court to enforce the parties' settlement agreement. With an order of remand from the federal court, the parties can return to the state court proceeding to litigate the DRJ lien and consummate their settlement. *City of Delray Beach v. Dharma Properties, Inc., 809 So.2d 35* (Fla. 4DCA 2002) re'hrg denied; *Preston v. Allstate Ins. Co.*, 627 So.2d 1322 (Fla. 3DCA 1993).

(3) Failing to determine DRJ's charging lien in federal court would not deprive the parties' of an important procedural or substantive right so long as there is a remand to the state court for

determination of the DRJ lien and a reservation of jurisdiction over the parties in the federal court to consummate or enforce the parties' settlement stipulation.

(4) It is not necessary for the federal court to decide the DRJ lien matter in order to protect the integrity of the principal proceeding or insure that its disposition is not frustrated so long as there is a remand to the state court for determination of the DRJ lien and a reservation of jurisdiction over the parties in the federal court to consummate or enforce the parties' settlement stipulation.

## CONCLUSION

DRJ's contractual dispute with the Plaintiff for any work outside this litigation does not give rise to a claim under federal law, nor require the exercise of ancillary jurisdiction, particularly when a remand to the state court provides a proper forum to adjudicate the DRJ lien and allows the parties to thereafter consummate their settlement stipulation under a reservation of jurisdiction over the parties by this Court to carry out or enforce the terms of the settlement stipulation.

**WHEREFORE**, Plaintiff requests that the Court remand to the state court for determination of the DRJ lien with a reservation of jurisdiction over the parties in the federal court to consummate or enforce the parties' settlement stipulation.

Respectfully submitted,

By: __/s/ Michael L. Addicott_____
Michael L. Addicott / FBN 456446
mlaesq@addicottlaw.com
ADDICOTT & ADDICOTT, P.A.
900 N. Federal Highway, Suite 201
Hallandale Beach, FL 33009
Phone (954) 454-2605
Attorney for Mr. Bello /Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Oct. 15, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which serves a copy on all counsel of record and served Donald R. Jones, Esq. and Law Offices of Donald R. Jones, by fax 1-305-728-0537; by US Mail to: Donald R. Jones, Esq. and Law Offices of Donald R. Jones, 4090 Laguna St., 2nd Floor, Coral Gables, FL 33146 and by email to  djones@drjpa.com


By:  /s/ Michael L. Addicott

Michael L. Addicott / FBN 456446
mlaesq@addicottlaw.com
ADDICOTT & ADDICOTT, P.A.
900 N. Federal Highway, Suite 201
Hallandale Beach, FL 33009
Phone  (954) 454-2605
Attorney for Mr. Bello /Plaintiff